## WESLEY JONES *v.* THE STATE.

EVIDENCE—IDENTIFICATION.—Apparent discrepancies in the testimony of witnesses, in the description of the clothing worn by defendant at the time of the commission of the offense, or of the color of his horse, become immaterial, on the question of identity, when there is other evidence in the case identifying the accused as the perpetrator of the offense.

APPEAL from the Criminal District Court of Dallas City. Tried below before the Hon. S. HARE.

There is no occasion for a statement of the facts.

No brief for the appellant.

*H. H. Boone,* Attorney General, for the State.

WHITE, J. The appellant in this case was indicted in the criminal district court of Dallas City for rape committed upon one Mrs. Sarah Ann Berntzon.

It is horrible to contemplate the details of the facts as

they are presented in the record. The defendant, a stout, able-bodied negro, about thirty years of age, is shown to have perpetrated the foul deed upon a young, delicate white woman, who had been married only a few months prior to the time, and was also *enceinte* with the first fruits of her married life. The result of the dastardly outrage was not only the loss of health and happiness to the young wife, but the destruction, no doubt, of her fondest hopes and anticipations, in the premature loss of her child.

It is unnecessary to recapitulate the evidence. Independently of the positive testimony of the deeply injured female, all the facts and circumstances point with such unerring certainty to the establishment of the crime, and to this defendant as the guilty criminal, as that there was, and could be, no reasonable doubt entertained in regard to it.

The jury found him guilty, and assessed his punishment at death.

Fully sensible of the great responsibility which rests upon us, as the court of last resort, we have examined and scrutinized the record with all the care demanded by the importance and solemnity of the punishment awarded in the lower tribunal. We find no error in it for which we would be warranted in reversing the case.

There is apparently some discrepancy in regard to the hat worn, and the color of the horse ridden, by defendant at the time the offense was committed. But, even if it had been made to appear that the principal witness—the wronged female—was mistaken in her description of the hat, and in saying that the horse was a bay horse, it would not avail the defendant, in view of the many other undisputed material facts establishing the case.

So far as we are able to determine, the record discloses that no one ever had a fairer or more impartial trial. Overwhelming as the testimony was, the jury were fully warranted in arriving at a conclusion of guilt; and, so far

as the punishment assessed by them is concerned, suffice it to say that it is one which the law, in its wisdom and justice, has affixed to this, one of the most heinous of crimes.

The protection of female virtue—to woman the dearest of earthly possessions—and the inviolability of womanhood are the highest and most sacred trusts which the genius of civilization and the interests of society impose upon the law and those who are charged with the duty and responsibility of its faithful execution. We would not trifle with these high trusts by interfering with the verdict which we believe was so justly and righteously awarded in this case.

Our knowledge of the parties and the circumstances connected with this transaction have been derived solely from our inspection of the record. We are fully sensible of the fact that the enormity of such offenses too frequently prejudices the rights of defendants, not only in the estimation of that public opinion which, seeking to vindicate the right, is often clamorous for speedy retributive justice, but also in those indignant feelings, impossible to be entirely overcome, which the recitals of the outrage tend so naturally to excite in minds of honest judges and jurors. We see no evidences of such influences operating in the conduct and surroundings of this case. And, in view of the facts, we cannot too highly commend that spirit of tolerance, and confident reliance upon the justice and power of the law, with which, under circumstances so trying to the feelings and rash impulses of one's nature, the people of the community in which this vile outrage was perpetrated have quietly and patiently awaited, like good, faithful citizens, the ends of justice to be administered by due and proper course of trial in the courts.

The judgment of the court is affirmed.

*Affirmed.*